Mr. Justice Cox,
while concurring in the conclusion of the court, said :
I concur in the conclusion announced by the Chief-Justice* with some hesitation, and on somewhat different grounds from those that have been expressed. A very interesting question in the case was, whether a previous gift of a life estate in a will would justify or require the court to interpret a subsequent devise over of the same estate, expressed in general terms, and without words of limitation, to mean .a fee simple. Now it seems to me that that would be a most *328 reasonable rule of interpretation. I can hardly conceive that a man or a woman would devise a life estate, and then give-the property over generally, intending to give only a subsequent life estate ; and yet I must confess the weight of authority is in favor of the defendant upon this point. In fact there is only one decision, excepting that of this eourt^. on the other side, viz., the decision of Judge Shaw, reported in Cushing. That is a decision of very high authority. It was made a long time ago, and Judge Shaw states it there as if it were a settled rule of interpretation. He says that when there is a previous life estate and then a general devise.afterwards, the latter is to be interpreted as a devise of the-fee simple, and I was prepared to find that rule established by an abundance of authority ; but I should say that the weight of authority is the other way, because there are numerous cases cited both from the English and the American reports strongly in point upon that question, and holding-the opposite of Judge Shaw’s rule. But I believe that in almost every instance, and probably in this case, a general devise by a testator, especially by an illiterate or unlearned, testator, is intended to pass the fee simple ; and I fall in with the inclination of the courts to lay stress upon any other feature in the will which assists in interpreting the general devise in that direction. In this way I think there is language in this will which materially aids the court in coming to the conclusion which has been announced. After-giving the life estate to her husband, the testatrix says that the bequest is with the limitation and restriction that if he shall marry again then his interest in said property is to cease, and the beuefits and interests thereof are to go to Michael A. French. Now, on the part of the defense, it has been contended that this language merely contemplated the continuance of Thomas French’s life estate in Michael A. French; that the terms “benefits and interest thereof,’>■ referred to the life estate of Thomas French, and that that was what she intended to give to Michael A. French in the contingency contemplated. But that cannot be, for this reason : the clause expressly provides that upon the marriage- *329 of Thomas French his interest in the property is to cease* and, therefore, that estate cannot be intended to go over to Michael French. And even an illiterate testator would hardly be guilty of the philological enormity of saying that the interest of Thomas is to cease, and yet that the’“ benefits and interests, thereof” are to go over to Michael. It seems very clear that the terms' “ benefits and interests ”’ apply to the property; that the interest of Thomas in the property is to cease, and then the “ benefits and interests of the property are to go to Michael A. French. What is the meaning of this word “ interest ? ” It has received interpretation over and over again. It means the title ; and if' the testator had said, “I devise my interest in the title of' said property, after the death of Thomas French, to Michael A. French,” it would hardly be stronger than it is here, as-the expression of a wish that the whole title of this property should in a certain contingency go to Michael A. French. I think, therefore, that the provision in this clause is, that, upon the marriage of Thomas French the whole fee simple-interest and title in this property shall go over to Michael. This provision in the will contemplates not merely the contingency of marriage, but also that of death, and it can hardly be contended that the testatrix meant to give a less estate in the case of marriage than in the case of death; The provision is only intended to emphasize and repeat the previous clause, and to extend it to the contingency of death equally with that of marriage. Having already provided for the case of marriage, she then goes on and says that whether he marries again or dies, it is her desire that the property shall go over to Michael A. French on the same terms and in the same state, in case of death, as previously provided for-in case of marriage. Clearly it was not intended to give a less estate in this last case, but the intention was that the property should pass over in the same state exactly as in the-case of marriage, and there is no distinction made between those two contingencies. I look upon the last clause as. obviously a mere repetition of the previous one, and the extension of its provision to the other contingency. So the- *330 fair interpretation of this paper is, that either in the case of the marriage, or of the death of Thomas French, the whole estate shall go over to Michael A. French. It is principally upon this ground that I concur in the conclusion that the intention was to give Michael a fee simple in case .of the 'death or marriage of Thomas French.
Note. — The case referred to in the opinion as having been decided in this court is that of Motzer vs. Cassin, 2310 Equity. It was decided November 2, 1871, but no report of the case has ever been published, nor does it appear that any written opinion was ever hied.- An examination of the record and papers, however, shows the following
The plaintiff', Fanny L. Motzer, hied her bill against William I). Cassin, March 13, 1871, praying a partition of a house and lot in Georgetown, jD. C. She claimed an interest in fee under the will of Ann T. Washington, and the only question before the court was whether a life estate or a fee passed by the will, the material parts of which were as follows:
“ I, Ann T. Washington, of Montgomery County, in the State of Maryland, being of sound and disposing mind, memory and understanding, considering the certainty of death and the uncertainty of the time thereof, and being desirous to settle my world (sic) affairs, and thereby be the better prepared to leave this world, &c., * * * devise and bequeath as follows :
“I give and bequeath unto my son, Lewis W. Washington, of Jefferson County, Virginia, during the minority of his children, James, Mary Ann, and Eliza B. B. Washington, the farm whereon I now reside, called * Green hill,» together with furniture in the house and kitchen, stock farming implements, and all other personal effects being thereon, and after the said children have attained, the said James to the age of twenty-one, and the said Mary Ann and Eliza B. B. to the age of eighteen years, I give and bequeath unto them, share and share alike, the farm, household furniture, stock and other personal effects hereinbefore named^ their heirs and assigns forever. * * * *
*331 “I give and bequeath to my neice, Fannie Moutzer, wife ■of the Rev. Danl. Moutzer, her heirs and assigns forever, a •certain lot or portion of ground lying in the city of Washington, and on the street leading from the avenue to National Observatory.
[The following is the clause under which plaintiff claimed:]
“ I give and bequeath unto my sister, Mary Petei’, during her lifetime, my house and lot, and the furniture in said house lying and being on the corner of Dunbarton and Congress streets, in Georgetown, and after the death of my said sister, I bequeath the furniture in the said house to my said neice, Fannie Moutzer, aud the house and lot before named, share and share alike, to my said son, Lewis W. Washington, Fannie Moutzer, James, John and William Cassin.
“ I further devise and bequeath to my said sister, Mary Peter, during her life, my negro woman, Christine, and after her death, I will and desire the said Christine to be free from all manner of seíwice or servitude to me, my heirs and assigns forever.
“ I also give and bequeath unto the hereinbefore named James Washington, Christine’s youngest child, aged two years, to him, his heirs and assigns forever.”
The court in special term passed a decree dismissing the bill, on the ground that the plaintiff was entitled only to a life estate in the property. From this decree an appeal was taken to the General Term, where the following decree was passed :
“This cause came on to be heard on appeal from the Equity Court upon the bill, answer and exhibits, and was argued by counsel; on consideration whereof, the court is of opinion that Fanny L. Motzer, Lewis W. Washington, James, John and William' D. Cassin take a fee simple under the will of Mrs. Ann T. Washington, deceased, in the property mentioned in the devise. It is thereupon ordered, adjudged and decreed, that the decree of the Equity Court dismissing the complainant’s bill upon the ground that she was entitled to only a life interest in the said property be, and the same is hereby reversed and set aside.”